J-A15033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NELLIE M. NORMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, AND JENNIFER TOBEY, M.D., AND BRIAN CZERNIECKI, M.D. | |
| Appellee | No. 1833 EDA 2015 |

Appeal from the Order Entered May 19, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2010 No. 01888

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 16, 2016**

Appellant Nellie M. Norman appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on May 19, 2015, which denied her petition to open, vacate or strike the order entered on August 9, 2012 granting Appellees'[1] motion to strike her certificates of merit and enter judgment of *non pros* in favor of HUP.  After careful review, we affirm.

---

[1] Named Appellees include the Hospital of the University of Pennsylvania ("HUP"), Jennifer Tobey, M.D., and Brian Czerniecki, M.D.  However, this appeal is only from the order denying Appellant's petition to strike the judgment of *non pros* entered in favor of HUP.

This Court set forth the following procedural and factual history in a previous appeal as follows:[2]

> On November 12, 2010, [Appellant] filed a writ of summons against [HUP], Jennifer Tobey, M.D., and Brian Czerniecki, M.D. (collectively, Defendants). On April 15, 2011, [Appellant] filed a complaint against Defendants (without certificates of merit) claiming a breach of the standard of care in failing to properly locate and mark cancerous masses prior to her breast surgery. In her complaint, [Appellant] asserts counts of medical negligence as well as "ordinary negligence" arising from her November 14, 2008, admission and surgery. [Appellant] describes the ordinary negligence as Defendants' failure to remove all the cancerous cells during the first surgery. Specifically, in her complaint, [Appellant] averred that a cytology report revealed the presence of a two-centimeter adenocarcinoma in her left breast; and that in a preoperative procedure, Defendant Tobey failed to properly "wire-mark" the location of the two masses that were to be excised. [Appellant] further averred that Defendant Czerniecki performed the surgery on November 14, 2008, at Defendant HUP and did not excise the cancerous auxiliary lymph node (adenocarcinoma). Instead, [Appellant] contends that he removed a "clump" of normal, noncancerous left breast lymph node tissue. As a result, on January 15, 2009, [Appellant] underwent a second surgical procedure, performed by Defendant Czerniecki, to remove the remaining cancerous tissue in her left breast.
>
> On June 8, 2011, [Appellant] filed a motion to extend the time to file certificates of merit.[8] Defendants did not oppose the motion and by Order dated July 7, 2011, the Honorable Allan L. Tereshko granted [Appellant]'s motion.

---

[2] Appellant's previous appeal was from an order denying her petition to open, vacate, or strike the judgment of *non pros* entered in favor of the individual physician defendants. Appellant named HUP as a defendant and appellant, however, this Court affirmed the order denying her petition as it related to the doctors only.

Accordingly, the certificates of merit became due by August 15, 2011.

> [8] Pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) 1042.3, a plaintiff must file either with the complaint or within sixty (60) days after filing the complaint, a certificate of merit.

On August 17, 2011, Defendants filed notice of intent to enter judgment of *non pros* for failure to file certificates of merit in support of [Appellant]'s allegations.

On September 7, 2011, [Appellant] filed a second motion to extend time to file certificates of merit. In their response filed on September 26, 2011, Defendants opposed the motion on the basis of untimeliness and lack of merit.

In the interim, on September 23, 2011, [Appellant] filed a certificate of merit against each Defendant essentially asserting that expert witnesses were not necessary since her claims were of "ordinary negligence" only.[3]

On September 29, 2011, [Appellant] filed her first appeal to the Superior Court challenging an Order issued by Judge Tereshko dated September 20, 2011, which denied a discovery motion to strike Defendants' objection to disclose certain requested documents. This appeal was subsequently quashed on February 3, 2012, by the appellate court at 2774 and 2795 EDA 2011.[11]

> [11] On July 9, 2012, the Supreme Court at 56 EM 2012 denied [Appellant]'s petition for review.

---

[3] These "certificates of merit" merely stated that she did not need to file certificates of merit because her claims sounded in ordinary negligence. However, in these "certificates of merit," she purported to reserve her right "to timely file certificates of merit… as to… professional liability, medical negligence…claims." ***See*** Certificate of Merit as to HUP, 9/23/2011; Certificate of Merit as to Jennifer Tobey, M.D., 9/23/2011; Certificate of Merit as to Brian Czerniecki, M.D., 9/23/2011.

By order dated September 30, 2011, Judge Tereshko denied [Appellant]'s second motion to extend time to file the certificates of merit.

This matter was marked deferred from October 27, 2011, until May 25, 2012, pending [Appellant]'s appeal. Once the appeal was quashed, the matter was returned to active status.

On June 6, 2012, a revised case management order was issued designating deadlines for significant events. On that same date, Defendants filed a motion to strike [Appellant]'s certificates of merit. Said motion was granted by [the] motion judge by Order dated July 2, 2012.

On July 11, 2012, Defendants Tobey and Czerniecki filed their praecipe for entry of *non pros* based upon [Appellant]'s failure to file certificates of merit against them within the time period required by Pa.R.C.P. 1042.3.

On July 12, 2012, Defendant HUP filed a motion to strike the certificate of merit [Appellant] filed against it.

On July 13, 2012, [Appellant] filed another certificate of merit against Defendant HUP only[4, 5]; and two appeals to

---

[4] This certificate of merit included an expert report from George G. Kuritz, M.D.

[5] This Court inserted the following footnote in the previous appeal. The footnote explains why Appellant can now appeal her issue as it regards her medical negligence claims:

[Footnote 2] This certificate of merit included an expert report from George G. Kuritza, M.D. (See RR at 303a.) At oral argument, appellant argued that the trial court abused its discretion in refusing to accept Dr. Kuritza's report. However, the instant appeal is from denial of appellant's petition to open/strike judgment of *non pros* entered for defendants Tobey and Czerniecki only, and does not involve appellant's July 13, 2012 certificate of merit filed with regard to defendant HUP. Accordingly, whether or not the trial court should have accepted appellant's July 13,

*(Footnote Continued Next Page)*

the Superior Court challenging the July 2, 2012 Order; appeals identified as Superior Court docket numbers 2039 and 2040 EDA 2012.

On July 21, 2012, [Appellant] filed a motion for reconsideration of the Order of July 2, 201[2], which struck the certificates of merit. The motion to reconsider was denied on July 31, 2012.

On July 23, 2012, [Appellant], relying on Pa.R.C.P. 1042.3(a)(3), filed a petition to open, vacate, or strike Defendants' entry of judgment of *non pros* arguing again that the averments in her medical malpractice complaint were of "ordinary negligence" and did not necessitate expert testimony. [Appellant]'s petition was denied by Order dated August 17, 2012.

In the interim, by Order dated August 9, 2012, the… motion judge granted Defendant HUP's motion to strike the certificate of merit [Appellant] filed on July 2, 2012, against it, and entered an order of judgment of *non pros* as to all claims against Defendant HUP.

On August 23, 2012, [Appellant] filed another appeal to the Superior Court challenging the Order of August 9, 2012; appeal identified as 2569 EDA 2012.[6]

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

2012 certificate of merit containing Dr. Kuritza's expert report is not before this court. According to appellees, the matter has been stayed pending appeal and the trial court has not yet ruled on appellant's petition to open or strike judgment of *non pros* entered on behalf of defendant HUP. (Appellees' brief at 8.)

**Norman v. HUP**, 2819 EDA 2012, filed June 12, 2014, at 4, n. 2.

[6] "On September 14, 2012, [Appellant] filed a petition to open, vacate or strike the order dated August 9, 2012 by the Honorable Nitza I. Quinones Alejandro.  After the case was removed from deferred status, [the trial court] denied the petition on May 19, 2015."  Trial Court Pa.R.A.P. 1925(a) Opinion, filed November 19, 2015.

On September 23, 2012, [Appellant] filed another appeal challenging the Order of August 17, 2012; appeal identified as 2819 EDA 2012.

By Order of the Superior Court dated September 17, 2012, [Appellant]'s appeal designated as 2040 EDA 2012 was dismissed for failure to comply with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 3517, requiring the filing of a docketing statement. Subsequently, appeals identified at 2039 and 2569 EDA 2012 were dismissed by *Per Curiam* decision; to wit:

> These appeals have been taken from the July 2, 2012 order granting the defendants' motion to strike the plaintiff's certificates of merit and the August 9, 2012 order granting the motion of the [HUP] to strike certificate of merit and entering a judgment of *non pros*. **See** Pa.R.A.P. 3051(a) (relief from judgment of *non pros* shall be sought by petition; **see also Sahutsky v. H.H. Knoebel & Sons**, 782 A.2d 996 (Pa.2001) (failure to file petition to open *non pros* operates as waiver of any claims of error concerning the judgment); **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380 (Pa. Super. 2001) (any appeal related to judgment of *non pros* lies not from judgment itself, but from denial of petition to open or strike; failure to file timely or rule-compliant petition to open or strike operates as waiver of any right to address issues concerning the underlying judgment of *non pros*); **Krell v. Silver**, 817 A.2d 1097 (Pa.Super.2003) (failure to file petition to open/strike judgment of *non pros* resulted in waiver of all claims on appeal).
>
> Accordingly, the appeals at Nos. 2039 and 2569 EDA 2012, are hereby **DISMISSED**.[17]
>
> [17] Per Curiam, Nos. 2039, 2569 EDA 2012, filed on November 19, 2012.

**Norman v. HUP**, 2819 EDA 2012, filed June 12, 2014 (quoting Trial Court Pa.R.A.P. 1925(a) Opinion, filed January 24, 2013, at 1-5) (additional footnotes omitted).

On June 12, 2014,[7] this Court affirmed the August 17, 2012 order denying her petition to open and or strike judgment of *non pros* entered on behalf of Drs. Tobey and Czerniecki. On May 19, 2015, the trial court denied Appellant's September 14, 2012 petition to open, vacate or strike the August 9, 2012 order. On June 17, 2015, Appellant filed a motion for reconsideration of the court's May 19, 2015 order. Appellant filed a notice of appeal on June 18, 2015.[8]

Appellant raises the following 16 issues for our review:

> A. WHETHER THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ENTERED ITS JUDGMENTS DENYING APPELLANT'S MOTION TO OPEN, STRIKE AND/OR VACATE THE COURT'S ORDER GRANTING [HUP's] MOTION TO STRIKE [APPELLANT'S] CERTIFICATES OF MERIT AND ENTERING [HUP's] JUDGMENT OF *NON PROS*,

---

[7] In its Pa.R.A.P. 1925(a) Opinion, filed 11/19/15, the trial court states that this Court affirmed the order on January 14, 2015, and that the matter was returned to active status at that point. In fact, our decision was filed on June 12, 2014.

[8] During the pendency of this appeal, Appellant filed a third petition to open, vacate or strike the order. After a hearing on August 28, 2015, the court denied Appellant's third petition to open, vacate or strike the order and her motion for reconsideration on August 31, 2015. On September 29, 2015, Appellant filed a notice of appeal from the August 31, 2015 order. This was docketed at 3004 EDA 2015. On November 4, 2015, this Court consolidated the appeals *sua sponte*. On December 10, 2015, this Court granted HUP's motion to quash the appeal at 3004 EDA 2015, because the denial of reconsideration is generally not subject to review on appeal *See Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518 (Pa.Super.1999); *Goodman By Goodman v. Pizzutillo*, 682 A.2d 363 (Pa.Super.1996).

IN NON-CONFORMITY WITH PA.R.C.P. 1042.7(A)(2) AND "OFFICIAL NOTE" AND PA.R.C.P. 3051, AND INCONSISTENTLY WITH *MOORE V. LUCHSINGER*, 862 A.2D 631 ([PA.SUPER.]2004), AND *HELFRICK V. UPMC SHADYSIDE HOSPITAL*, 64 PA. D. & C. 4TH 129, 2003 PA. DIST. & CNTY. DEC. LEXIS 181, AND WHERE [APPELLANT'S] JULY 13, 2012 CERTIFICATE OF MERIT AS TO [HUP'S] PROFESSIONAL LIABILITY AND MEDICAL NEGLIGENCE WAS FILED PRIOR TO THE AUGUST 9, 2012 ENTRY OF [HUP'S] JUDGMENT OF *NON PROS*, AND WHERE APPELLANT HAD PREVIOUSLY SECURED A JULY 11, 2012 WRITTEN MEDICAL EXPERT OPINION CITING SAID [HUP'S] PROFESSIONAL LIABILITY AND MEDICAL NEGLIGENCE?

B. WHETHER THE [TRIAL] COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ENTERED ITS JUDGMENTS DENYING APPELLANT'S MOTION TO OPEN, STRIKE AND/OR VACATE THE COURT'S ORDER GRANTING [HUP'S] MOTION TO STRIKE [APPELLANT'S] JULY 13, 2012 CERTIFICATE OF MERIT IN CORPORATE NEGLIGENCE, RESPONDIAT SUPERIOR AND VICARIOUS LIABILITY AND ENTERING [HUP'S] JUDGMENT OF *NON PROS,* INCONSISTENTLY WITH *MOORE V. LUCHSINGER*, 862 A.2D 631 ([PA.SUPER.]2004), AND *HELFRICK V. UPMC SHADYSIDE HOSPITAL*, 64 PA. D. & C. 4TH 129, 2003 PA. DIST. & CNTY. DEC. LEXIS 181, WHERE [APPELLANT'S] JULY 13, 2012 CERTIFICATE OF MERIT AS TO [HUP'S] CORPORATE NEGLIGENCE, RESPONDIAT SUPERIOR AND VICARIOUS LIABILITY WAS FILED PRIOR TO ENTRY OF [HUP'S] AUGUST 9, 2012 JUDGMENT OF *NON PROS*[?]

C. WHETHER DEFENDANTS ARE REQUIRED TO PRODUCE ADMINISTRATIVE AND HOSPITAL RECORDS (E.G., HOSPITAL GUIDELINES, OPERATING AND REPORT-WRITING PROCEDURES, EMPLOYEE QUALIFICATION RECORDS, AS WELL AS, HIRING, TRAINING AND SUPERVISING REQUIREMENTS AND GUIDELINES), WHICH APPELLANT PREVIOUSLY REQUESTED IN HER REQUEST FOR PRODUCTION OF DOCUMENTS, AND WHICH ARE NEEDED TO SECURE [APPELLANT'S] CERTIFICATES OF MERIT (WHICH ARE REQUIRED OF PLAINTIFF WITHIN SIXTY DAYS OF FILING PLAINTIFFS COMPLAINT) REGARDING [HUP'S] CORPORATE NEGLIGENCE, RESPONDIAT SUPERIOR AND VICARIOUS LIABILITY AND

ARE NEEDED FOR EXPERT MEDICAL OPINIONS AND TO PROSECUTE APPELLANT'S CLAIMS?

D. WHETHER THE [TRIAL] COURT ERRED WHEN IT FAILED TO DISCLOSE THE PARTNERSHIP/SHAREHOLDER ASSOCIATION THE [TRIAL COURT] JUDGE'S WIFE SHARED WITH THE DEFENDANTS' LAWYER'S LAW FIRM, SINCE THE [TRIAL COURT'S] SUBSEQUENT JUDGMENTS AND ORDERS WERE ENTERED ALL IN DEFENDANTS' FAVOR, WITHOUT REASON, AND AGAINST [APPELLANT], AND ALL WERE EITHER IN NON-CONFORMITY WITH VARIOUS PROVISIONS OF RULE 1042 (I.E., 1042.5, 1042.(3)(D), 1042.7(A)(2) AND 3051), AND/OR WERE INCONSISTENT WITH THE APPLICABLE PENNSYLVANIA SUPERIOR AND SUPREME COURT RULINGS[?]

E. WHETHER THE [TRIAL] COURT ERRED WHEN IT ALLOWED THE DEFENDANTS TO BENEFIT FROM PARTIAL AND FAVORED JUDGMENTS AND ORDERS WHILE THERE EXISTED A NON-DISCLOSED RELATIONSHIP BETWEEN THE SITTING JUDGE-JUDGE ALLEN TERESHKO'S SPOUSE, HEATHER TERESHKO, BEING A PARTNER AND/OR SHAREHOLDER IN THE DEFENDANTS' ATTORNEY'S LAW OFFICE - CHRISTIE PABARUE - AT THE VERY MOMENT [APPELLANT]'S MOTIONS TO COMPEL PRODUCTION OF NEEDED RECORDS AND TO BE GRANTED AN EXTENSION TO GET NEEDED RECORDS, WAS UNFAIRLY DENIED BY JUDGE TERESHKO, WITHOUT REASON, IN DEFENDANTS' FAVOR[?]

F. WHETHER THE [TRIAL] COURT ERRED WHEN IT ENTERED A DISCOVERY COURT ORDER THAT DENIED [APPELLANT] PRODUCTION OF THE NEEDED ADMINISTRATIVE AND MEDICAL RECORDS THAT WOULD ENABLE [APPELLANT] TO TIMELY SECURE [APPELLANT]'S EXPERT MEDICAL OPINION AND THE MEDICAL MALPRACTICE CERTIFICATES OF MERIT, IN NON CONFORMITY WITH DISCOVERY RULES 4001-4009 AND 1042.5, AND IN DEFENDANTS' FAVOR, WHILE THE JUDGE'S WIFE WAS A SHAREHOLDER AND/OR PARTNER AT THE DEFENDANTS' ATTORNEY'S LAW OFFICE[?]

G. WHETHER THE [TRIAL] COURT ERRED WHEN IT UNFAIRLY DENIED [APPELLANT]'S SECOND MOTION TO EXTEND TIME FOR CERTIFICATES OF MERIT, IN NON

- 9 -

CONFORMITY WITH PA. R.C.P. 1042.3(D) AND DISCOVERY RULES 4001-4009 AND 1042.5, IN DEFENDANTS' FAVOR, WHILE THE JUDGE'S WIFE WAS A SHAREHOLDER AND/OR PARTNER AT THE DEFENDANTS' ATTORNEY'S LAW OFFICE, SO AS TO UNFAIRLY ENABLE DEFENDANTS' JUDGMENTS OF *NON PROS*[?]

H. WHETHER THE [TRIAL] COURT ERRED WHEN IT RULED THAT [APPELLANT]'S MANY FILINGS AND EFFORTS TO GET THE NEEDED MEDICAL RECORDS TO TIMELY SECURE [APPELLANT]'S EXPERT OPINION AND [CERTIFICATES OF MERIT], INCLUDING, BUT NOT LIMITED TO THE APPEALS TAKEN BY [APPELLANT] TO OBTAIN SUCH RECORDS, CONSTITUTED A "DELAY" AND "INACTIVITY" UNDER RULE 3051(B), FOR THE PURPOSE OF THE [TRIAL] COURT'S UNFAIRLY DENYING PLAINTIFF'S MOTIONS TO OPEN, VACATE AND/OR STRIKE JUDGMENTS OF *NON PROS*, AS TO [APPELLANT']S JULY 13, 2012 [CERTIFICATE OF MERIT], AND THE RELATED MEDICAL MALPRACTICE, PROFESSIONAL LIABILITY AND CORPORATE LIABILITY CLAIMS, AS AGAINST THE HOSPITAL, IN DEFENDANTS' FAVOR[?]

I. WHETHER THE [TRIAL] COURT ERRED WHEN IT UNFAIRLY REFUSED TO OPEN AND/OR VACATE ITS JUDGMENTS OF *NON PROS* AS TO [APPELLANT]'S JULY 13, 2012 CERTIFICATE OF MERIT REGARDING [HUP'S] MEDICAL MALPRACTICE, PROFESSIONAL LIABILITY, CORPORATE NEGLIGENCE, VICARIOUS LIABILITY, RESPONDIAT SUPERIOR AND RES IPSA LOQUITUR CLAIMS, SINCE SAID [CERTIFICATE OF MERIT] WAS FILED PRIOR TO DEFENDANTS' AUGUST 9, 2012, AUGUST 17, 2012 AND MAY 19, 2015 JUDGMENTS OF *NON PROS*, AND [APPELLANT]'S [CERTIFICATE OF MERIT] WAS SUPPORTED BY A JULY 11, 2012 WRITTEN EXPERT MEDIAL OPINION BY GEORGE KURITZ, M.D. REGARDING [APPELLANT]'S MEDICAL MALPRACTICE, PROFESSIONAL LIABILITY AND CORPORATE NEGLIGENCE CLAIMS[?]

J. WHETHER THE [TRIAL] COURT ERRED IN STRIKING [APPELLANT]'S [CERTIFICATES OF MERIT], THEREBY CIRCUMVENTING RULE 1042.7(A)(2) AND ENABLING DEFENDANTS TO DOCKET JUDGMENTS OF *NON PROS* AFTER [APPELLANT] HAD FILED HER CERTIFICATES OF MERIT IN ACCORDANCE WITH THE PROVISIONS OF RULES

1042.3(D) AND 1042.7(A)(2) & (NOTE), WHERE THE LEGISLATURE FAILED TO PROVIDE THE [TRIAL COURT] AUTHORITY TO DO SO, WITHIN THE PROVISIONS OF RULE 1042[?]

K. WHETHER THE [TRIAL] COURT ERRED WHEN IT ENTERED ITS MAY 19, 2015 ORDER DENYING [APPELLANT]'S MOTION TO OPEN, VACATE AND/OR STRIKE JUDGMENTS OF *NON PROS*, UNDER THE ABOVE - STATED CIRCUMSTANCES[?]

L. WHETHER THE [TRIAL] COURT ERRED WHEN IT ENTERED ITS EX PARTE, IN CAMERA MAY 19, 2015 "NONINVOLVEMENT DISPOSITION ORDER", IN FAVOR OF DEFENDANTS, WITHOUT A MOTION REQUESTING SAID ORDER FROM DEFENDANTS, WITHOUT PRIOR NOTICE OF SAID ORDER TO [APPELLANT], NOR [APPELLANT]'S OPPORTUNITY TO RESPOND TO ANY MOTION AND BEFORE PLAINTIFFS THIRTY (30) DAY, RULE 341, APPEAL PERIOD EXPIRED[?]

M. WHETHER THE [TRIAL] COURT ERRED WHEN IT ENTERED ITS MAY 19, 2015 ORDER UNFAIRLY GRANTING DEFENDANTS A RE-DOCKETED JUDGMENT OF *NON PROS*[?]

N. WHETHER THE [TRIAL] COURT ERRED WHEN IT ENTERED ALL THE ABOVE-DESCRIBED ORDERS AND JUDGMENTS IN NON-CONFORMITY WITH PA.R.C.P. 1042.5, 1042.3(D), 1042.7(A)(2)(NOTE) AND 3051, AND INCONSISTENTLY WITH APPLICABLE PENNSYLVANIA SUPERIOR COURT AND SUPREME COURT CASES, TO WIT: ***MOORE V. LUCHSINGER***, 862 A.2D 631 (PA.SUPER. 2004), ***BOURNE V TEMPLE UNIVERSITY HOSPITAL, ET AL***, 932 A.2D 11 [PA.SUPER.2007)]., ***WOMER V HILLIKER***, 908 A.2D 269 ([PA.2006), ***FRENCH V COMMONWEALTH ASSOC.***, 980 A.2D 623 [(PA.SUPER.2009)], ***BOYD V. CHELTENHAM YORK ROAD NURSING AND REHABILITATION CENTER***, ***INC., CCP***, PHILADELPHIA, APRIL TERM, 2003, NO. 1243 (BERNSTEIN, J.), AND ***WHITSEL V. COMMONWEALTH, DEPARTMENT OF TRANSPORTATION***, PICS CASE NO. 05-1909 (C.P. DAUPHIN OCT. 26, 2005) (KLEINFELTER J.)[?]

- 11 -

O. WHETHER THE [TRIAL COURT'S] ENTRY OF JUDGMENTS OF *NON PROS*, WAS AN ABUSE OF DISCRETION, BASED UPON THE [TRIAL COURT'S] "...MANIFEST UNREASONABLENESS, PARTIALITY, PREJUDICE, BIAS, ILL-WILL AND/OR LACK OF SUPPORT AS TO BE CLEARLY ERRONEOUS", AS A RESULT OF THE NON-DISCLOSED POSITION HELD BY THE JUDGE'S WIFE IN DEFENDANT'S ATTORNEYS LAW FIRM -- CHRISTIE PABARUE -- DURING THE LITIGATION OF PLAINTIFF'S CASE, GIVING UNFAIR FAVORITISM TO DEFENDANTS[?]

P. WHETHER THE [TRIAL COURT] ERRED AND VIOLATED [APPELLANT]'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT STRUCK PLAINTIFF'S 2012 CERTIFICATES OF MERIT, IN DEFENDANTS' FAVOR, WITHOUT PRE-MARCH 20, 2013 AUTHORITY TO DO SO, AND ENTERED ORDERS OF JUDGMENTS OF *NON PROS*, WITHOUT EXPRESS AUTHORITY TO DO SO WITHIN THE PROVISIONS OF RULE 1042?

Appellant's Brief at 2-4.

Preliminarily, this appeal, taken from the May 19, 2015 order, which was entered on the docket on May 21, 2015, and which denied Appellant's petition to open, vacate or strike judgment of *non pros*, was immediately appealable pursuant to Pa.R.A.P. 311(a)(1) (an appeal may be taken as of right from an order refusing to open, vacate or strike off a judgment). However, Appellant has waived all her issues concerning the entry of judgment of *non pros* by failing to comply with Pa.R.C.P. 3051.

To obtain relief from judgment of *non pros*, a party must comply with Pa.R.C.P. 3051, which provides:

**Rule 3051. Relief from Judgment of Non Pros**

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the

judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and

(3) there is a meritorious cause of action.

Pa.R.C.P. No. 3051.

The rule will apply in all cases in which relief from a judgment of non pros is sought, whether the judgment has been entered by praecipe as of right or by the court following a hearing. Where the court has not participated in the entry of judgment, the rule will provide a procedure for court involvement and the making of a record which an appellate court will be able to review. Where the court has entered a judgment of non pros following a hearing, the rule will provide the court with an opportunity to review its prior decision. However, if the court is certain of its prior decision, it will be able to quickly dispose of the matter since the parties have already been heard on the issues.

Pa.R.C.P. No. 3051, Note.

Here, the trial court granted HUP's motion to strike Appellant's certificates of merit and entered judgment of *non pros* against Appellant on August 9, 2012. On August 23, 2012, instead of filing a petition to strike or open the judgment pursuant to Pa.R.C.P. 3051, Appellant filed a timely notice of appeal to the August 9, 2012 order. This Court dismissed the appeal on November 19, 2012.

When an appellant files a timely appeal to entry of judgment of *non pros* instead of properly filing a petition to strike or open the judgment, "quashal is inappropriate; the proper consequence of the failure to file a Rule 3051 petition is a waiver of the substantive claims that would be raised." ***Sahutsky***, 782 A.2d at 1001. Under ***Sahutsy***, the "failure to file a petition to open or strike the judgment of *non pros* before filing an appeal result[s] in a waiver of all substantive claims." ***Dockery v. Borough of E. Stroudsburg***, 24 A.3d 485, 488 (Pa.Cmwlth.2011).[9] ***See also Stephens v. Messick***, 799 A.2d 793, 801 (Pa.Super.2002) ("By failing to promptly file a Pa.R.C.P. 3051 petition, Stephens waived all issues concerning the entry of the judgment of *non pros.*").

Appellant filed a petition to open, vacate, or strike the judgment of *non pros* on September 14, 2012, after she filed her notice of appeal. The trial court denied her petition on May 19, 2015. Appellant has waived any issues concerning whether the judgment of *non pros* was properly entered in the first instance. ***See Stephens***, 799 A.2d at 796. Because Appellant

---

[9] "While decisions of the Commonwealth Court are not binding upon this Court, we may elect to follow the Commonwealth Court decisions if we find the rationale persuasive." ***Beaston v. Ebersole***, 986 A.2d 876, 881 (Pa.Super.2009).

waived all of her issues by failing to comply with Pa.R.C.P. 3051, we affirm.[10, 11]

   Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2016

---

[10] "[A]ppellate courts are not limited by the specific grounds raised by the appellee or invoked by the court under review, but may affirm for any valid reason." **Pennsylvania Dep't of Banking v. NCAS of Delaware, LLC**, 948 A.2d 752, 761-62 (Pa.2008) (citation omitted).

[11] Even if Appellant had not waived all of her claims, they lack merit. HUP filed a motion to strike Appellant's certificates of merit and to enter judgment of *non pros* on July 12, 2012, before Appellant filed her July 13, 2012 certificate of merit, after the trial court had denied her request for an extension of time to file the certificate of merit, and nearly a year after the certificate of merit was due. Appellant is correct that HUP did not praecipe for judgment of *non pros* before she filed her certificate of merit, however judgment of *non pros* was entered by the trial court, not the prothonotary. "A Court may properly enter a judgment of *non pros* when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party[.]" **Stephens**, 799 A.2d at 797.

- 15 -